IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DRINKS UNIQUE, INC., | § | CASE NO. 10-40196 |
| | § | |
| DEBTOR | § | (Chapter 11) |

## MOTION FOR ORDER DIRECTING PROCEDURAL JOINT ADMINISTRATION OF AFFILIATED DEBTORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015

**NO HEARING WILL BE CONDUCTED ON THIS MOTION/OBJECTION/ APPLICATION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Drinks Unique, Inc. and Tru-Pak, Inc. file their Motion for Order Directing Procedural Joint Administration of Affiliated Debtors Pursuant to Federal Rule of Bankruptcy Procedure 1015(b) in each of their pending bankruptcy cases as follows:

## I.
## BACKGROUND

1. Drinks Unique, Inc. and Tru-Pak, Inc. (collectively, the "*Debtors*") each filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court on January 21, 2010 (the "*Petition Date*"). Drinks Unique, Inc.'s case number is 10-40196 and Tru-Pak, Inc.'s is 10-40197. Since the Petition Date, the Debtors have remained in possession of their property and have continued to manage its affairs pursuant to 11 U.S.C. §§1107 and 1108.

**MOTION FOR JOINT ADMINISTRATION OF AFFILIATED DEBTORS  - PAGE 1**

2. No trustee or examiner has been appointed to these Chapter 11 cases pursuant to section 1104 of the Bankruptcy Code.

3. The Debtors are in the business of manufacturing and distributing non-alcoholic juice and tea-based drinks and their containers. The Debtors' primary assets include its manufacturing equipment, inventory, and accounts receivable.

4. In 2009, Debtors and their primary lender became involved in a dispute regarding Debtor's financing. The lender, Opportunity Bank, N.A., filed a lawsuit against Debtors and others in the 401st Judicial District Court of Collin County, Cause No. 401-01789-2009. The dispute was initially resolved through mediation, but problems implementing the settlement agreement arose. Debtors were unable to secure financing, ultimately requiring this bankruptcy filing and another for the related entity Tru Pak, Inc. (Case No. 10-40197). Both cases were filed January 21, 2010.

## II.
## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter concerns the administration of this bankruptcy estate; accordingly, this a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are 11 U.S.C. §§ 105(a), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

## III.
## RELIEF REQUESTED

6. By this Motion, the Debtor seeks entry of an Order authorizing the joint administration of the Debtors' bankruptcy cases. The Court may order the joint administration of the estates of a debtor and an affiliate. The applicable authority for this proposition is found in Fed. R. Bankr. P. 1015(b) and Local Bankruptcy Rule 1015.

7. The Debtors qualify for joint administration because they are affiliates within the meaning of 11 U.S.C. § 101(2)[1]. Accordingly, the Court is authorized to grant the relief requested.

8. The Debtors believe that the joint administration of these Chapter 11 cases is warranted by the fact that (i) the financial affairs and business operations of the Debtors are closely related and (ii) the administrative and operational expenses are shared by the Debtors. Entry of an order directing joint administration of these cases will obviate the need for duplicative notices, applications and orders, and will thereby save considerable time and expense for the Debtors and result in substantial savings to their respective estates.

9. Pursuant to the requirement of Local Bankruptcy Rule 1015, the joint administration of the cases do not preclude any professional person from effectively or accurately separating the services rendered solely for the benefit of one bankruptcy estate vis-à-vis another, thus justifying the submission of a consolidated application for compensation to be filed solely in the main case and including a proposal for proper apportionment of accumulated fees and expenses between the respective bankruptcy estates, subject to the right of any party-in-interest to object to the proposed apportionment;

10. Furthermore, the rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases because this Motion requests only administrative consolidation of the estates, and the Debtors are not at this time seeking substantive consolidation. Each creditor may still file a claim against a particular Debtor's estate. Thus, the rights of all

---

[1] Section 101(2) provides in relevant part:

(2) "affiliate" means—

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor. . .;

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly

**MOTION FOR JOINT ADMINISTRATION OF AFFILIATED DEBTORS - PAGE 3**

creditors will be enhanced by the reduced costs resulting from joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision or the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee will be simplified.

11. By reason of the foregoing, the Debtors submit that the best interests of their creditors and their estates would be served by joint administration of these cases. Accordingly, the Debtors request that the caption of their cases be modified to reflect the joint administration of the chapter 11 cases as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DRINKS UNIQUE, INC., | § | CASE NO. 10-40196 |
| TRU-PAK, INC., | § | CASE NO. 10-40197 |
| DEBTORS | § | (Jointly Administered) (Chapter 11) |

12. The Debtors also seek the Court's direction that a notation in substantially the following form be entered on the docket sheet of each of the Debtors to reflect the joint administration of the cases:

> An order has been entered directing the procedural consolidation and joint administration of Drinks Unique, Inc., Case No. 10-40196 and Tru-Pak, Inc., Case No. 10-40197 in accordance with Federal Rule of Bankruptcy Procedure 1015(b). The docket in Case No. 10-40196 should be consulted for all matters affecting these cases.

13. The Debtors are not aware of an administrative or scheduling order that might require modification as a result of the requested joint administration.

---

owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor. . .

14. Attached hereto is as **Exhibit "A"** is a proposed consolidated master mailing list (matrix) in the affected cases for future noticing requirements.

15. In summary, the Debtors request that their cases be jointly administered for procedural purposes to the extend of the following:

    a. One docket shall be maintained for the Debtors' cases, under the case number assigned to Drinks Unique, Inc.;

    b. All pleadings, orders and other papers filed shall be captioned with the style reflected above, and shall reflect that the cases are jointly administered under the case number assigned to Drinks Unique, Inc.;

    c. The United States Trustee shall conduct joint information meetings with Debtors, if required, and a joint first meeting of creditors;

    d. Counsel for the Debtors shall prepare and maintain one "Consolidated Short Service List" which reflects all parties in interest of all Debtors, and shall prepare and maintain a separate "Master Service list" for each Debtor which further meets the requirements of any order the Court may enter in these cases regarding limitation of notice;

    e. Each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

    f. Proofs of claim filed by creditors of any Debtor shall reflect the style and case number of the Debtor to which the claim relates and in whose case such claim is to be filed;

    g. Separate claims registers shall be maintained for each Debtor; and

    h. One consolidated monthly operating report shall be filed for all Debtors.

## IV.
## NOTICE

16. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the twenty (20) largest unsecured creditors of these bankruptcy estates or members of any unsecured creditors' committee; (c) those persons who have formally appeared and requested notice in these cases pursuant to Bankruptcy Rule 2002; and

(d) the Internal Revenue Service and other governmental agencies required to receive notice under the Bankruptcy Rules or Local Rules. Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request this Court to enter an order, substantially in the form annexed to this Motion, granting the relief requested herein and granting such other and further relief as may be just and proper.

Respectfully submitted,

QUILLING, SELANDER, CUMMISKEY
    & LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: */s/ Linda S. LaRue*
    Christopher J. Moser
    State Bar No. 14572500
    John Paul Stanford
    State Bar No. 19037350
    Linda S. LaRue
    State Bar No. 24046269
    Timothy A. York
    State Bar No. 24035719

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail, postage prepaid, on this 25th of January, 2010 upon the parties listed on the attached service list.

*/s/ Linda S. LaRue*