IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DRINKS UNIQUE, INC. | § | CASE NO. 10-40196 |
| | § | |
| DEBTOR | § | (Chapter 11) |

**EMERGENCY MOTION OF DEBTOR DRINKS UNIQUE, INC. FOR
INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Drinks Unique, Inc. ("Debtor"), as Debtor and Debtor-in- Possession in the above styled and captioned bankruptcy case files this, its *Emergency Motion of Debtor Drinks Unique, Inc. for Interim Order Authorizing Use of Cash Collateral* (the "Motion"), and in support of the relief requested would respectfully show the Court as follows:

### I. Jurisdiction

1. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§1334 and 157. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. §157(b)(2)(A), (K), (M) and (O).

### II. Background Facts

2. The Debtor commenced this proceeding on January 21, 2010 (the "Petition Date") by filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code. Since the filing of the petition, the Debtor has remained in possession of its assets and continued in operation of its business as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108.

3. The Debtor's principal business is the production and distribution of non-

alcoholic juice and tea based drinks. The Debtor maintains its principal place of business at 1808 10th Street, Suite 100, Plano, Texas 75074.

### III. Discussion

4.  Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor-in-possession may not use cash collateral without the consent of the secured party or court approval. 11 U.S.C. § 363(c)(2). Section 363(e) of the Bankruptcy Code provides that, upon request of an entity that has an interest in property to be used by the debtor, the court shall prohibit or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. §363(e).

5.  What constitutes adequate protection must be decided on a case-by-case basis. *See In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987); *In re Martin*, 761 F.2d 472 (8th Cir. 1985); *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); *In re Realty Southwest Assocs.*, 140 B.R. 360 (Bankr. S.D.N.Y. 1992); *In re Beker Indus. Corp.*, 58 B.R. 725 (Bankr. S.D.N.Y. 1986). The focus of the requirement is to protect a secured creditor from diminution in the value of its interest in the particular collateral during the period of use. *See In re 495 Central Park Avenue Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992); *In re Beker*, 58 B.R. at 736; *In re Hubbard Power & Light*, 202 B.R. 680 (Bankr. E.D.N.Y. 1996).

6.  The Debtor believes that Opportunity Bank will assert a cash collateral interest in the Debtor's accounts receivable and inventory as of the Petition Date (the "Cash Collateral"). The Debtor will require use of the accounts receivables and proceeds from inventory in order to properly operate its business.

7.  On the Petition Date, the Debtor was owed accounts receivables from its various customers, in the form of open accounts and credit card or pay pal providers. The Debtor also held

inventory consisting of merchandise in its possession.

8. Although the Debtor holds funds in its bank account derived from recent investments in the Debtor from investors (the "Investment Funds") which are not subject to any creditor's liens, the Debtor will shortly be in need to use the Cash Collateral in the ordinary course of its business to maintain operations. Through operations, the Debtor anticipates paying operating expenses arising after the Petition Date and thereby generate additional inventory and accounts receivable.

9. The Debtor seeks interim use of the Cash Collateral for the uses set forth in the interim budget attached hereto as Exhibit "A" (the "Interim Budget"). The Debtor seeks to use the Cash Collateral to pay employees and cover necessary operating expenses in the ordinary course of business.

10. The Debtor is willing to provide Opportunity Bank with replacement liens (the "Replacement Liens") pursuant to 11 U.S.C. § 361(2), on accounts receivable and inventory generated after the Petition Date to the extent of the validity, extent and priority of Opportunity Bank's pre-petition liens on and security interests in the Bank's Cash Collateral. The Debtor contends that the Bank's interests in the Cash Collateral are adequately protected by the Replacement Liens. Furthermore, the Debtor contends that it should be granted interim relief under 11 U.S.C. §363(c)(3) because the Debtor is likely to prevail at final hearing on this Motion.

11. The most recent UCC-1 filing by Opportunity Bank, on September 10, 2009 arose from a "New Loan" from Opportunity Bank that was agreed to as part of a court ordered mediated settlement in a lawsuit involving the parties in the 401st JDC in Collin County, Texas. Under the terms of the mediation settlement agreement, Drinks Unique, Inc. and Tru-Pak, Inc., the defendants in the lawsuit, were to receive a New Loan replacing a previous loan from Opportunity Bank. The

Defendants met their obligations to raise $1 million in capital and pay all accrued but unpaid interest. At that point, Opportunity Bank tendered documents which the Defendants found not to conform to the terms of the mediated settlement. Attempts to revise the documents failed, and the parties returned to state court. Although the mediated settlement was not consummated, Opportunity Bank, nevertheless, filed an amended UCC-1 expanding the scope of its previous financing statement.

12. Accordingly, the Debtor's request to grant Opportunity Bank replacement liens as adequate protection for the use of Cash Collateral, is without prejudice to the Debtor's right to challenge the lien claim of Opportunity Bank.

13. Accordingly, for the foregoing reasons, Debtor requests that this Court:

    a. Set the Motion for an emergency hearing;

    b. Upon such emergency hearing, enter an interim order authorizing Debtor's use of the Cash Collateral for the purposes set forth in an interim budget up to the date of any further interim or a final hearing on this Motion;

    c. Grant the Opportunity Bank adequate protection in the form of the Replacement Liens under 11 U.S.C. § 361 on the Debtor's post-petition accounts receivable and inventory, to the same extent, nature and priority of its respective pre-petition liens in such collateral;

    d. Set the Motion for final hearing and, upon such hearing, grant a final order providing for the same the same relief as requested with respect to budgets to be submitted by the Debtor for applicable future operating periods; and

    e. Grant Debtor such other and further relief to which it may be entitled.

Dated: the 26th day of January, 2010.

Respectfully Submitted

QUILLING, SELANDER, CUMMISKEY
 & LOWNDS, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By:     */s/ John Paul Stanford*
     John Paul Stanford
     Texas Bar No. 19037350
     Jstanford@qsclpc.com

PROPOSED ATTORNEYS FOR DRINKS UNIQUE, INC.

CERTIFICATE OF SERVICE

      This is to certify that the undersigned caused a true and correct copy of the foregoing document to be served on the parties listed below by fascimile transmission this, the 26th day of January, 2010.

| | |
|---|---|
| Michael Howard Myers | fax no. 972-248-8088 |
| Myers Wilson, P.C. | |
| 16610 Dallas Parkway | |
| Suite 2000 | |
| Dallas, Texas 75248 | |
| | |
| Office of the US Trustee | fax no. 903-590-1461 |
| Attn: John Vardeman | |
| 110 N. College, Suite 300 | |
| Tyler, TX 75702 | |