IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DRINKS UNIQUE, INC., | § | CASE NO. 10-40196 |
| | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |

**EMERGENCY MOTION FOR ORDER: (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; AND (II) ESTABLISHING PROCEDURES FOR THE ADEQUATE ASSURANCE OF PAYMENTS**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Drinks Unique, Inc., the debtor-in-possession in the above captioned bankruptcy case (***the "Debtor"***), files its Emergency Motion for Order: (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices; and (II) Establishing Procedures for the Adequate Assurance of Payments as follows:

**I.
PROCEDURAL BACKGROUND**

1. On January 21, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of title 11, United States Code (the "Bankruptcy Code"), thereby initiating its Bankruptcy Case and creating its bankruptcy estate (the "Estate").

2. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is operating its affairs as a debtor-in-possession. No committee, trustee, or examiner has been appointed.

3. The Court has jurisdiction over the Bankruptcy Case and this matter pursuant to 28 U.S.C. § 157 and 1334. This matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue of the Bankruptcy Case and this matter in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## FACTUAL BACKGROUND

5. The Debtor is in the business of manufacturing and distributing non-alcoholic iced tea drinks and their containers. The Debtor's primary assets include its manufacturing equipment, inventory, and accounts receivable.

6. Debtor has filed this case in order to obtain a period of time to reorganize its affairs and obligations with minimal operational interruptions.

## III.
## RELIEF REQUESTED

7. The Debtor requires the use of utilities to maintain its business operations.

8. The Debtor obtains utilities from TXU Energy, Atmos Energy, AT&T Wireless and Verizon Southwest (collectively the "Utility Companies").

9. The Debtor even believes that it is current on all utilities up to the Petition Date. In an abundance of caution, the Debtor makes this request to provide for small unpaid pre-petition amounts that the Debtor has overlooked or failed to pay.

10. The costs and issues associated with the interruption of utility service at the Debtor's business far outweigh the small unpaid amounts, if any, for the pre-petition period.

11. The Bankruptcy Code provides that "a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due." 11 U.S.C. § 366(a). However, the 2005 amendments to the Bankruptcy Code permit a utility to refuse services "if during the 30-day period beginning on the

date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility." *Id*. § 366(c)(2).

12. The issue for the Debtor is the requirement that the utility agree to the Debtor's offer of adequate assurance of payment. Nothing in the Bankruptcy Code requires utilities to communicate or cooperate with the Debtor, or to reasonably weigh, accept, or reject the Debtor's offer of adequate assurance of payment. A utility may simply ignore the Debtor, await the expiration of the thirty day period, and discontinue service.

13. As for security deposits, whether or not a utility company is subject to an unreasonable risk of nonpayment, which might warrant a deposit, must be determined on a case by case basis based upon the existing facts and circumstances. *See In re Keydata Corp.,* 12 B.R. 156 (Bankr. D. Mass. 1981). Moreover, a debtor who has not defaulted on pre-petition utility obligations should not be required to provide a post-petition utility deposit. *See In re Shirley*, 25 B.R. 247 (Bankr. E.D. Pa. 1982).

14. Accordingly, to protect the Estate and utilities, the Debtor requests that the Court order the following procedures pursuant to 11 U.S.C. §§ 105(a) and 366:

   a. Because Debtor has been current on all utility bills, Debtor shall not be required to tender a security deposit with the Utility Companies.
   b. Debtor shall timely pay for all post-petition utility services pursuant to the terms of the invoices and billing statements generated by the utility companies in the ordinary course of business and financial affairs of the Debtor.
   c. In the event that the Debtor fails to timely pay for post-petition utility service per an invoice, Debtor shall have a ten (10) day period to cure such nonpayment, which ten (10) day period shall begin to run automatically from the date of the non-payment notice from the utility company.
   d. Should the Debtor fail to pay the invoice within the ten (10) day time period after receipt of notice of default, the Utility Company shall be entitled to alter, refuse or discontinue service, without further Court order.
   e. If a Utility Company maintains more than one account for the Debtor, the failure to pay for post-petition utility services with respect to one account shall not be

deemed a failure to pay or a cross-default with respect to any other account, provided that such other account is being paid. Each failure to pay, each requirement of a deposit, and the ability to alter, refuse or discontinue service shall arise on a per account basis.

f.  This Order is without prejudice to the rights of the Utility Companies to seek from the Debtor a modification of the amount of any security deposit deemed necessary, after notice and a hearing, to provide adequate assurance of payment pursuant to Section 366(c) of the Bankruptcy Code.

g.  In the event a hearing is scheduled pursuant to Section 366(c) of the Bankruptcy Code as contemplated in the immediately preceding paragraph, the requesting Utility Company shall be deemed to have adequate assurance of payment unless and until a subsequent order is entered thereon.

h.  The Debtor shall serve a copy of this Order upon each of the Utility Companies by first-class mail within five (5) business days after the entry hereof.

i.  This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**WHEREFORE, PREMISES CONSIDERED,** the Debtor respectfully requests that this Court grant its Emergency Motion for Order: (I) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service on Account of Prepetition Invoices; and (II) Establishing Procedures for the Adequate Assurance of Payments and that it be awarded such further relief, general or special, at law or in equity, to which it may be rightfully entitled.

    Respectfully submitted,

    QUILLING, SELANDER, CUMMISKEY,
       & LOWNDS, P.C.
    2001 Bryan Street, Suite 1800
    Dallas, Texas 75201
    (214) 871-2100 (Telephone)
    (214) 871-2111 (Facsimile)

**EMERGENCY MOTION FOR ORDER: (I) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES; AND (II) ESTABLISHING PROCEDURES FOR THE ADEQUATE ASSURANCE OF PAYMENTS  -  Page 4**
J:\CJM\Drinks Unique, Inc 4563.0000\Motion for Utility Service\Utilities Motion.doc

By: */s/ Linda S. LaRue*
    Christopher J. Moser
    State Bar No. 14572500
    John Paul Stanford
    State Bar No. 19037350
    Linda S. LaRue
    State Bar No. 24046269
    Timothy A. York
    State Bar No. 24035719

PROPOSED ATTORNEYS FOR DEBTOR

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 29, 2010, I left a voice mail with Sam Baker of the United States Trustee's Office of the Debtor's intention to file this Motion. I did not receive any communication in return prior to the filing of this motion.

    */s/ Linda S. LaRue*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail, postage prepaid, on the 29th day of January, 2010, on the parties listed below and upon those parties listed on the attached service list:

Office of the U.S. Trustee
110 N. College Ave., Suite 300
Tyler, Texas 75702

TXU Energy, Inc.
PO Box 100001
Dallas, TX 75310-0001

TXU Energy, Inc.
PO Box 662888
Dallas, TX 75233-2888

Atmos Energy
PO Box 78108
Phoenix, AZ 85062-8108

Atmos Energy Corporation
PO Box 650205
Dallas, TX 75265-0205

Verizon Southwest
PO BOX 920041
Dallas, TX 75392-0041

AT&T Wireless
PO Box 6463
Carol Stream, IL 60197-6463

Myers Wilson P.C.
Michael H. Myers
16610 Dallas Parkway
Suite 2000
Dallas, Texas 75248

    */s/ Linda S. LaRue*